FILED
JAN 10 2022
Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

| | |
|---|---|
| **ASATA LOWE** <br> Plaintiff <br><br> v. <br><br> **MIKE PARRIS** <br> Defendant, Warden MCCX <br><br> and <br> **FREDDIE SEAVERS** <br> Defendant, Unit Manger MCCX | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 3:22cv10-CEA/JEM <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Comes now Asata Lowe, Plaintiff, in the above styled cause to bring two separate claims for relief against Mike Parris, Warden – Morgan County Correctional Complex (MCCX), and Freddie Seavers, Unit Manger – Morgan County Correctional Complex. The Plaintiff is currently detained at MCCX which is located at 541 Wayne Cotton Morgan Dr., P.O. Box 2000 Wartburg, TN 37887-2000.

## FIRST CLAIM FOR RELIEF

### JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C.A. 2241 et. seq. and Article III § 2 cl. 1 of the United States Constitution due to the fact that the continued detention of the Plaintiff violates the Due Process Clause of the 14th Amendment of the United States Constitution. Therefore, this action arises under the U.S. Constitution and laws of the United States.

# GROUNDS

A  Mike Parris, Warden, is enforcing T.C.A. § 41-1-101 et. seq., to deprive the Plaintiff of the Freedom from bodily restraint and punishment, without due process of law in violation of the 14th Amendment to the United States Constitution.

B  Mike Parris, Warden, is enforcing T.C.A. § 41-1-101 et. seq., to deprive the Plaintiff of the right of the accused to the assistance of counsel for his defense, without due process of law in violation of the 14th Amendment to the United States Constitution.

C  Mike Parris, Warden, is enforcing T.C.A. § 41-1-101 et. seq., to deprive the Plaintiff of the right to be present in the courtroom at every stage of the trial, without due process of law in violation of the 14th Amendment to the United States Constitution.

D  Mike Parris, Warden, is enforcing T.C.A. § 41-1-101 et. seq., to deprive the Plaintiff of the right to reasonable notice of a charge against him and an opportunity to be heard in his defense- a right to his day in court, without due process of law in violation of the 14th Amendment to the United States Constitution.

E  Blount County General Sessions Court enforced its jurisdiction pursuant to T.C.A. § 40-1-107/T.C.A. § 40-4-101 et. seq., thus depriving the Plaintiff of the Freedom from bodily restraint and punishment, without due process of law in violation of the 14th Amendment to the United States Constitution.

F  Blount County General Sessions Court enforced its jurisdiction pursuant to T.C.A. § 40-1-107/T.C.A. § 40-4-101 et. seq., thus depriving the Plaintiff of the right of the accused to the assistance of counsel for his defense, without due process of law in violation of the 14th Amendment to the United States Constitution.

G  Blount County General Sessions Court enforced its jurisdiction pursuant to T.C.A. § 40-1-107/T.C.A. § 40-4-101 et. seq., thus depriving the Plaintiff of the right to be present in the courtroom at every stage of the trial, without due process of law in violation of the 14th Amendment to the United States Constitution.

H Blount County General Sessions Court enforced its jurisdiction pursuant to T.C.A. § 40-1-107/T.C.A. § 40-4-101 et. seq., thus depriving the Plaintiff of the right to reasonable notice of a charge against him and an opportunity to be heard in his defense- a right to his day in court, without due process of law in violation of the 14th Amendment to the United States Constitution.

## DESCRIPTION OF THE LIBERTY INTEREST

In *Ingraham v. Wright 97 S.Ct. 1407* the Supreme Court said, "Freedom from bodily restraint and punishment is within liberty interest in personal security that is protected from State deprivation without due process of law."

*The right of the accused to the assistance of counsel for his defense* is secured by the 6th Amendment to the United States Constitution and made applicable to the states by the 14th Amendment to the U.S. Constitution. The 6th Amendment states, "In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to by informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense." In *Powell v. State of Ala. 53 S.Ct. 55* held, "Right of accused to assistance of counsel includes right to assistance of counsel from time of arraignment until beginning of trial for purpose of consultation, investigation, and preparation for trial"

*The right to be present in the courtroom at every stage of his trial* is secured by the Confrontation Clause of the 6th Amendment to the United States Constitution and made applicable to the states by the 14th Amendment. In *Illinois v. Allen 90 S.Ct. 1057* the U.S. Supreme Court said, "One of the most basic of the rights guaranteed by the confrontation clause of the 6th Amendment is the accused right to be present in the courtroom at every stage of his trial.

The Plaintiff relies on *In re Oliver 68 S.Ct. 499* which discusses *the right to reasonable notice of a charge against him and an opportunity to be heard in his defense- a right to his day*

*in court.* In *In re Oliver* the High Court stated, concerning the Due Process Clause, "The necessary ingredients of the Fourteenth Amendment's guarantee that no one shall be deprived of liberty without due process of law include a right to be heard and to offer testimony; 'A person's right to reasonable notice of a charge against him, and an opportunity to be heard in his defense- a right to his day in court- are basic in our system of jurisprudence; and these rights include, as a minimum a right to examine the witnesses against him, to offer testimony, and to be represented by counsel."

## FACTS

1. T.C.A. § 41-1-101 et. seq. (Tennessee Code Annotated Title 41 all chapters all sections) is the law that the Defendant Mike Parris, Warden is enforcing to deprive the Plaintiff of his liberty interest, without due process of law. This statute creates the prison that the Plaintiff is currently detained and all the other prison in the State of Tennessee. These statutes creates the warden's office and proscribe for the duties of that office. This statute provides for the custody, regulation, and care of inmates. (T.C.A. § 41-1-101 et. seq. – means Title 41 and all chapters and sections pursuant thereto.)

2. T.C.A. § 40-1-107/T.C.A. § 40-4-101 et. seq., provided the Blount County General Sessions Court with jurisdiction over initial appearance hearings. The Blount County Court lost jurisdiction over the Plaintiff due to its unconstitutional conduct stated herein.

3. The Plaintiff is in custody in violation of the Constitution of the United States.

4. It affirmatively appears on the record of the underlying proceedings, that State of Tennessee officials and/or officials working for the State, knowingly removed and/or confined Plaintiff unlawfully so as to interfere substantially with his liberty under circumstances exposing him to substantial risk of bodily injury, by use of deadly weapons, from October 16th, 1998 until October 19th, 1998.

5. On October 16th, 1998 the Plaintiff was kidnapped without a warrant and taken to the Blount County Jail. From October 16th, 1998 until October 19th, 1998, (72hrs.) Plaintiff was illegally detained in the Blount County Jail without a formal charge, without a warrant, and without a judicial determination of probable cause by a neutral and detached magistrate.

6. During the three- (3) day illegal detention, the state collected evidence of personal jurisdictional facts so they can use them against the Plaintiff. Plaintiff was held in jail for the sole purpose of collecting evidence to be used at trial.

4

Case 3:22-cv-00010-CEA-JEM   Document 2   Filed 01/10/22   Page 4 of 12   PageID #: 13

7. The record of the underlying proceedings reveals that a "secret initial appearance hearing" was held on October 19th, 1998 because a warrant for Plaintiff's arrest was issued on that date.

8. On October 19th, 1998, the State conducted a "secret initial appearance hearing" where jurisdictional facts pertaining to the Plaintiff was heard and determined without the Plaintiff being present at such hearing. The Plaintiff did not receive any notice of such hearing and was not provided an opportunity to defend at the hearing. This "secret initial appearance hearing" marked the initiation of the criminal prosecution upon which the Plaintiff is being detained. The record in this case does not include evidence sufficient to demonstrate that the court, before accepting waiver of Plaintiff's right to a initial appearance hearing, advised him in open court of such right, a determination that there has been a competent and intelligent waiver of such right, and does not include evidence of a written waiver of such right. Furthermore the record does not include an accepted waiver of such right by the Plaintiff.

9. The record in the underlying criminal case in the Blount County Court, affirmatively demonstrates that the Appellant was neither present nor voluntarily, knowing, and intelligently waived his right to be present at the secret initial appearance hearing held on October 19th, 1998. The record does not contain a waiver signed by the Appellant to be absent from such proceeding. The record in this case does not include evidence sufficient to demonstrate that the court, before accepting waiver of Plaintiff's right to be present at the initial appearance hearing, advised him in open court of such right, a determination that there has been a competent and intelligent waiver of such right, and does not include evidence of a written waiver of such right. Furthermore the record does not include an accepted waiver of such right by the Plaintiff.

10. Plaintiff was intentionally held in the Blount County Jail, during the time the hearing was conducted, in order prevent him from being present at the "secret initial appearance hearing" so that he could not object and challenge jurisdictional and other facts determined at such hearing. The Plaintiff was prohibited from challenging jurisdictional and other facts, which were presented without proof, authorizing the court to assume personal jurisdiction.

11. The record in the underlying criminal case affirmatively demonstrates that the Plaintiff was indigent and had neither been advised of his right to counsel, represented by counsel, nor voluntarily, knowingly, and intelligently waived the right to counsel at the "secret initial appearance hearing" held on October 19th, 1998. The record does not include evidence sufficient to demonstrate that the court, before accepting waiver of counsel at the "secret initial appearance hearing", advised the Plaintiff in open court of the right to the aid of counsel and a determination that there has been a competent and intelligent waiver of counsel. The record does not include evidence of a written waiver of counsel for the "secret initial appearance hearing". The record does not include an accepted waiver of counsel.

12. The record of the underlying criminal case affirmatively demonstrates that the Plaintiff had neither been advised of his rights to meet witnesses face to face and of the right to the compulsory process to obtain favorable witnesses and evidence, nor voluntarily, knowingly, and intelligently waived such rights at the "secret initial appearance hearing." The record

does not include evidence sufficient to demonstrate that the court, before accepting waiver such rights, advised the Plaintiff in open court of such rights, nor is there a determination that there has been a competent and intelligent waiver such rights. The record does not include evidence of a written waiver of such rights. The record does not include an accepted waiver such rights.

## EXHAUSTION REQUIREMENT

13. There is no right under the law of the State of Tennessee to raise, by available procedure, the claims presented in this habeas action.

14. In Tennessee the claims raised herein would have been raised pursuant to the Post-Conviction Act codified at T.C.A. § 40-30-101 et. seq.

15. T.C.A. § 40-30-102 et. seq. requires that the post-conviction petition be raised within one year of the final judgment. The Plaintiff was convicted and sentenced in March 1998 so the judgment became final years ago. The statute of limitation has run out for the Plaintiff to raise these claims under the Post-Conviction Act.

16. T.C.A. § 40-30-202 et. seq. contemplates the filing of only one petition for post-conviction. The Plaintiff has already filed a post-conviction petition, which was subsequently denied.

17. The State of Tennessee has made and/or enforces the Post-Conviction Act (T.C.A. § 40-30-101 et. seq.) in such a way that deprived the Plaintiff of his right of the accused to the assistance of counsel for his defense, secured by the 6th Amendment, in violation of the 14th Amendment to the United States Constitution.

18. The Plaintiff was appointed counsel under the Post-Conviction Act. Post-conviction counsel failed to advised the Plaintiff of the claims raised herein nor voluntarily, knowingly, and intelligently waived the right to raise such claims in the post-conviction proceedings. The record of the post-conviction proceedings does not include evidence sufficient to demonstrate that counsel nor the trial court, before accepting waiver of the right to raise such claims, advised the Plaintiff in open court of such claims and a determination that there has been a competent and intelligent waiver of such claims. The record does not include evidence of a written waiver of such claims. The record does not include an accepted waiver of such claims.

19. The Plaintiff cannot raise the claims stated herein in a state habeas petition pursuant to T.C.A. § 29-21-101 et. seq. In Tennessee, the purpose of a habeas petition is contest void and not merely voidable judgments, and a petitioner cannot attack a facially valid conviction in a habeas corpus proceeding. (see Potts v. State 833 S.W.2d 60, 62 (Tenn. 1992)

# SECOND CLAIM FOR RELIEF

## JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C.A. 1331 et. seq., 28 U.S.C.A. 1343 et. seq., and Article III § 2 cl. 1 of the United States Constitution due to the fact that this action arises under the Due Process Clause of the 14th Amendment to the United States Constitution. This is a Bivens Action.

## GROUNDS

A  Freddie Seavers, Unit Manger, is enforcing T.C.A. § 41-1-101 et. seq., to deprive the Plaintiff of the freedom of speech and/or the right to refrain from speaking at all secured by the 1st Amendment, without due process of law in violation of the 14th Amendment to the United States Constitution.

B  Freddie Seavers, Unit Manger, is enforcing T.C.A. § 41-1-101 et. seq., to deprive the Plaintiff of the freedom of thought, belief, expression, and/or certain intimate conduct, without due process of law in violation of the 14th Amendment to the United States Constitution.

C  Freddie Seavers, Unit Manger, is enforcing T.C.A. § 41-1-101 et. seq., to deprive the Plaintiff freedom from cruel and unusual punishment and other rights secured by the 8th Amendment, without due process of law in violation of the 14th Amendment to the United States Constitution.

## DESCRIPTION OF THE LIBERTY INTEREST

In *Wooley v. Maynard 97 S.Ct. 1428* it states, "…the right of freedom of thought protected against state action includes both the right to speak freely and the right to refrain from speaking at all."

In *Lawerence v. Texas 123 S.Ct. 2472* the court states, "Liberty presumes an autonomy of self that includes freedom of thought, belief expression, and certain intimate conduct."

## FACTS

1. T.C.A. § 41-1-101 et. seq. (Tennessee Code Annotated Title 41 all chapters all sections) is the law that the Defendant Freddie Seavers, Unit Manger is enforcing to deprive the Plaintiff of his liberty interest, without due process of law. This statute creates the prison that the Plaintiff is currently detained and all the other prison in the State of Tennessee. These statutes creates the warden's office and proscribe for the duties of that office. This statute provides for the custody, regulation, and care of inmates. (T.C.A. § 41-1-101 et. seq. – means Title 41 and all chapters and sections pursuant thereto.) The Warden hired the Freddie Seavers under the authority of this statute. This is the statute that the Defendant Freddie Seavers, Unit Manger receives his authority.

2. In October 2021 the Plaintiff was housed Morgan County Correctional Complex (MCCX) Unit 12 Cell 11. The Plaintiff shared the cell with another inmate by the name of Dorian Williamson, a member of the vice lords. At this time Mr. Williamson went to the Defendant Freddie Seavers and request that he be moved to protective custody, presumably because his safety was in danger.

3. The Plaintiff is not a vice-lord. The Plaintiff is not in any gang. The Plaintiff is not suspected nor confirmed of being in any gang.

4. Upon receiving this request from Mr. Williamson, Defendant Seavers sent one of his officers to instruct the Plaintiff to pack Mr. Willamson property, although, Tennessee Department of Correction (TDOC) policy prohibits inmates from packing other inmates property. TDOC policy provides that only staff members or the inmate owning the property can pack property. Nonetheless, the Plaintiff was ordered by TDOC staff to pack Mr. Williamson's property. The Plaintiff complied and pack Mr. Williamsons' property and turned it in to the staff member.

5. Soon after the property was turned in to staff, Defendants Seavers came to Plaintiff and explained that Mr. Williamson's said that he had a television but the t.v. was not located in his property. Defendant Seavers then asked the Plaintiff where was the t.v. located. Defendant Seavers asked this question with two members of the vice-lords standing next to him, listening.

6. At this time, the t.v. was in the possession of the vice-lords who came in the cell an confiscated it while the Plaintiff was packing Mr. Williamson's property. Since Mr. Williamson was a vice-lords, then they (vice-lords) believed that the t.v. belonged to them. The Plaintiff was not and is not in any position to dispute this.

7. If the Plaintiff was to snitch and/or tell of the whereabouts of the t.v., he would be labeled a snitch and his life would then be put in danger by the vice-lords. Therefore, the Plaintiff refused to provide the location of the t.v. to Defendant Seavers.

8. Defendant Seavers threatened that there would be consequences if the Plaintiff continued to refuse to provide the location of the t.v. Defendant Seavers said he would provide the Plaintiff some time to think about it and he would be back later and he expected the Plaintiff to tell him where the t.v. was located.

9. Defendant Seavers returned later that night and asked if Plaintiff had changed his mind about telling him the location of the t.v. Plaintiff informed the Defendant that he had not changed his mind.

10. The next morning Defendant Seavers move the Plaintiff to a different cell from the one that he had been housed in for years. The Plaintiff was moved from Unit 12 Cell 11 to Unit 13 Cell 26. Unit 12 Cell 11 housed two (2) people at a time, the water was hot, one toilet, and there was more privacy. The Plaintiff has witnessed Defendant Seavers punish other inmates when they did something he did not like by moving them into Unit 13 Cell 26 and other four (4) man cells located on and around the compound. There was no penological objective in moving the Plaintiff and the move was not reasonably related to any prison objectives. The Defendant actions were only motivated by refusal of the Plaintiff to speak and snitch on other inmates. The Defendant abused his powers granted by state law in moving the Plaintiff soley because he was exercising his right to refrain from speaking.

11. Unit 13 Cell 26 housed four (4) people at a time, the water is cold, very little privacy, and much noisier, because of other inmate talking, making it harder to get sleep. Unit 13 Cell 26 is a four (4) man cell and is overall a less favorable housing condition than Unit 12 Cell 11 which is a two (2) man cell. Although there is two extra people housed in the cell there is still only one toilet and one sink so it is extremely more difficult to get ready for work in the morning. There is twice as many people so it take twice as long to prepare for work which could subject the Plaintiff to disciplinary action for being late for work.

12. Defendant Seavers moved the same two vice-lords into the cell that overheard Defendant asking the Plaintiff to snitch. In other words, Defendant Seavers housed the Plaintiff together in the same cell with the vice-lords Defendant was asking the Plaintiff to snitch on.

13. When the Plaintiff asked Defendant Seavers why was he moved, Defendant replied, "what did you expect when you did not tell me where the t.v. was". The Plaintiff explained to the Defendant that he can't punish him for not snitching and therefore putting his life in danger. The Defendant said he can move anybody he wants for any reason he wants.

14. Defendant Seavers knows that any inmates life would be in danger if other inmates would discover that Plaintiff was snitching.

15. Few weeks later the Defendant indicated to the Plaintiff that if he would snitch he would move him back to Unit 12 Cell 11.

16. The Plaintiff thinks and believes that to snitch on other inmates, especially gang members, is dangerous and would put his life in danger. The Plaintiff thinks and believes that to inform prison officials of the location of other inmates property is deplorable. The Plaintiff expressed his thoughts and beliefs by refraining from providing the location of the alleged property and refusing to snitch on other inmates.

17. Because of Defendant Seavers's conduct the Plaintiff has suffered inconvenience, emotional distress, humiliation and embarrassment, and loss of liberty

## DEMAND FOR JUDGMENT

A  That this court or judge order the respondent to furnish the existing transcripts or that untranscibed recording be transcribed and furnished of the initial appearance hearing held on October 19th, 1998.

B  That this court or judge order Defendant Mike Parris to immediate release the Plaintiff, Asata D. Lowe from illegal confinement.

C  That this court issue an order to prohibit defendant Freddie Seavers from further depriving the Plaintiff of his liberty and/or prohibit defendant from depriving the Plaintiff of his liberty in the future.

D  That this court order defendant Freddie Seavers to pay the Plaintiff, compensatory damages of $250,000.00 (two-hundred and fifty thousand dollars), for inconvenience, and/or emotional distress, and/or humiliation and embarrassment, and/or loss of liberty, and/or all other nonpecuniary losses of any kind or nature.

E  That this court order defendant Freedie Seavers to pay the Plaintiff punitive damages of $750,000.00 (seven hundred and fifty thousand dollars.

F  For such legal and/or equitable relief that may be available and/or required.

## VERIFICATION

I Asata Dia Lowe, do hereby declare, swear, and affirm, under penalty of perjury, that the contents herein are true and exact to the best of my information, knowledge, and belief. Executed on this the 6th day of January 2022.

_____
Asata D. Lowe, Sui Juris

From: Asata Dia Lowe
MCCX
P.O. Box 2000
Wartburg, TN 37887-2000

To: Clerk of Court/U.S. District Court
800 Market St. Ste. 130
Knoxville, TN 37902-2303

Subject: Filing Complaint

Date: January 6th, 2022

3:22cv10-CEA/HBG

Clerk of Court,

Please find enclosed the following;

1. Complaint
2. Certified copy of Trust Fund Account (last six months)
3. Affidavit To Proceed In Forma Pauperis
4. ~~Subpoena~~ Summons

Thank you for your assistance in this matter.

_____
Asata D. Lowe-El, Sui Juris

NEOPOST  FIRST-CLASS MAIL
01/06/2022
US POSTAGE $001.96⁰


ZIP 37887
041M11450790

Asata D. Lowe # 321654
MCCX
P.O. Box 2000
Wartburg, TN 37887-2000

INSPECTED

Clerk of Court/U.S. District Court
800 Market St. Ste. 130
Knoxville, TN 37902-2303

Legal Mail:

RECEIVED M.C.C.X.

JAN 06 2022

Privileged
Outgoing
Mail