UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ASATA D. LOWE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:22-CV-010-CEA-HBG ) |
| MIKE PARRIS and FREDDIE SEAVERS, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Asata D. Lowe has filed a complaint for violation of 42 U.S.C. § 1983 [Doc. 2] and a motion for leave to proceed *in forma pauperis* in this action [Doc. 1]. For the reasons that follow, the Court finds that Plaintiff may not proceed as a pauper in this action, and this action will be dismissed.

**I.  APPLICATION OF "THREE STRIKES"**

The Court finds that Plaintiff is barred from proceeding *in forma pauperis* because of the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). This provision provides that an inmate may not proceed *in forma pauperis* in a civil action if, as a prisoner, he has filed three or more cases that a court dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless "[he] is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

As a prisoner, Plaintiff has filed at least three cases that a Court dismissed as frivolous or for failure to state a claim upon which relief may be granted. *Lowe v. Phillips*, 3:17-CV-449 [Docs. 8, 9] (E.D. Tenn. Nov. 27, 2017) (dismissing case for failure to state a cognizable claim pursuant

to *Heck v. Humphrey*, 512 U.S. 477 (1994)[1]); *Lowe v. Sexton*, 3:15-CV-046 [Docs. 13, 14] (E.D. Tenn. Feb. 22, 2016) (dismissing case for failure to state a cognizable claim pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994)); *Lowe v. Gatlin*, 1:07-CV-74 [Doc. 4] (M.D. Tenn. Dec. 5, 2007 (dismissing case as frivolous); *Lowe v. Throckmorton.*, 3:07-CV-952 [Doc. 4] (M.D. Tenn. Sept. 7, 2007) (dismissing case as frivolous); *Lowe v. Nicholson, et al.* 1:07-CV-057 [Docs. 3, 4] (M.D. Tenn. July 13, 2007) (dismissing case for failure to state a claim). Therefore, Plaintiff has accumulated at least three strikes under the PLRA and cannot file the instant suit, or any future suit, as a pauper unless he demonstrates that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

## II. IMMINENT DANGER

The imminent danger exception "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Prison Health Services, Inc*., 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011)). The exception applies where the pleading contains "a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). Plausibility in this context means that a court informed by its "'judicial experience and common sense,' could 'draw the reasonable inference'" that a plaintiff faced an

---

[1] While not all Courts of Appeals find that dismissals pursuant to *Heck* count as § 1915(g) "strikes," courts in this Circuit have done so. *See Avery v. Bird*, No. 3:20-CV-872, 2020 WL 6712166, at *1 n.1 (M.D. Tenn. Nov. 16, 2020) (citing *Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721, 1727 n.2 (2020)) (collecting cases holding that dismissals of § 1983 cases pursuant to *Heck* are properly characterized as dismissals for failure to state a claim, and therefore finding that such dismissals count as "strikes"); *see also Coleman v. Roberts*, No. 2:19-CV-12324, 2019 WL 5294353, at *1 (E.D. Mich. Oct. 18, 2019) (finding "the dismissal of a complaint for failure to state a claim based on *Heck* is a "strike" under § 1915(g)"). Regardless, however, Plaintiff has had three non-*Heck* dismissals of cases as frivolous and for failure to state a claim as well.

2

existing danger when he filed the pleading. *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)).

In his § 1983 complaint, Plaintiff first claims that Defendant Warden Parris is denying him a liberty interest without due process of law and, in support of this assertion, sets forth various allegations of impropriety in his underlying 1998 state court criminal proceeding [Doc. 2 p. 4–6]. In his second claim, Plaintiff asserts that Defendant Seavers violated his rights under the First, Fourteenth, and Eighth Amendments because he asked Plaintiff to tell him the location of a television that belonged to Plaintiff's former cellmate in front of two inmates who are members of the same gang as the inmates who took the television from Plaintiff's former cellmate's property while Plaintiff packed up that property, and then moved Plaintiff to a cell with those same two gang member inmates because Plaintiff refused to tell him the location of the television, and that cell has less favorable conditions than his previous cell [*Id.* at 8–9]. Plaintiff further states that he has consistently refused to "snitch" about the location of the television because doing so would be "deplorable," as well as "dangerous and would put his life in danger" [*Id.* at 9–10]. Plaintiff thus claims that "[he] has suffered inconvenience, emotional distress, humiliation and embarrassment, and loss of liberty" due to Defendant Seavers's actions.

Plaintiff's allegations do not allow this Court to plausibly infer any imminent risk of serious physical harm to him at the time he filed his complaint. Rather, Plaintiff's claims against Defendant Warden Parris regarding his underlying criminal proceedings relate only to the validity of his confinement, and Plaintiff therefore must bring them in a habeas corpus action. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983").

3

And Plaintiff's allegations against Defendant Seavers do not allow the Court to plausibly infer any imminent danger to him at the time he filed his complaint. As set forth above, Plaintiff asserts that Defendant Seavers asked Plaintiff to tell him the location of a stolen television in front of inmates who are members of the same gang as the inmates who had stolen the television, and then rehoused Plaintiff to a cell with those gang member inmates and less favorable living conditions when Plaintiff did not do so. But nothing in the complaint suggests that Defendant Seavers knew that members of a certain gang had stolen the television when he asked Plaintiff about it in front of members of that gang, or when he then moved Plaintiff into a cell with members of that gang. Nor does the complaint indicate that Plaintiff was in imminent danger of physical harm due to his knowledge of the location of the television when he filed the complaint. To the contrary, Plaintiff declares that he has continued to refuse to "snitch" about the television's location to prevent any danger to him and because doing so would be "deplorable." Thus, it is apparent that Plaintiff has not told Defendant Seavers the television's location, does not intend to do so, and therefore was not in any imminent danger of physical harm when he filed his complaint.[2]

Accordingly, Plaintiff may not proceed as a pauper in these proceedings.

## III. CONCLUSION

For the reasons set forth above, Plaintiff's motion to proceed *in forma pauperis* [Doc. 1] will be **DENIED** pursuant to § 1915(g), and the instant action will be **DISMISSED** without

---

[2] Plaintiff has not alleged or set forth any facts suggesting that if he did decide to tell Defendant Seavers the location of the television, Defendant Seavers would not move Plaintiff to a new cell and/or take other action to protect him. Rather, Plaintiff alleges that he knows facts which, if disclosed to jail officials and attributed to him, would put him in danger. But the Court imagines that this is a fairly common situation for jail inmates, who commonly know facts about their fellow inmates' nefarious activities that jail officials do not, and declines to speculate about what jail officials may or may not do to protect Plaintiff should he change his mind about his decision not to "snitch."

4

prejudice to Plaintiff. *See In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002) (noting that prisoner's obligation to pay filing fee arises when complaint delivered to district court clerk). Should Plaintiff wish to proceed on the claims contained in his complaint, he must file a new complaint with payment of the full filing fee. Accordingly, this case will be **CLOSED**.

Also, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith and would be totally frivolous, such that any request for leave to proceed *in forma pauperis* on any subsequent appeal will be **DENIED**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**